UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| DOCK MOORE, III, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No.   CV412-118 |
| | ) |
| BRIAN OWENS, Commissioner of | ) |
| Corrections,[1] | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

On April 17, 2012, the Court received a 28 U.S.C. § 2254 petition from Dock Moore challenging an unspecified conviction, as the petition failed to note the court of conviction, the date of the conviction, or the length of the sentence. (Doc. 1 at 3.) The petition was originally filed in the Statesboro Division of this Court then transferred to the Savannah Division. (Doc. 2.) The Court served the petition on the Attorney General without first adding the Commissioner of Corrections as a

---

[1] The Court has granted Brian Owens' motion to intervene as respondent. Since Moore is no longer held at the Bullock County Correctional Institute, the Clerk is **DIRECTED** to strike from the docket caption that facility's warden, Chris Hill, as respondent. All future pleadings shall conform.

respondent. Uncharacteristically, the Attorney General (who admits receiving the petition on September 20, 2012) ignored the petition and the Court's order directing a response.[2]

Over a year after receiving the habeas petition, the Court was able to connect, via email, with an Assistant Attorney General. She explained that the petition named only a county official, not a state respondent, so the state had no duty to respond to the habeas petition. Unlike in prior cases, the Attorney General did not notify the Court by motion or letter of the absence of a proper state respondent and of the Attorney General's inability to represent a county official. This lapse was explained as an unfortunate oversight caused by a major transition within the Attorney General's office, which resulted in the Court's order getting lost in the shuffle. The Attorney General has now filed a response on behalf of the Commissioner of Corrections, who has been allowed to intervene in this case. The Court accepts the Attorney General's explanation for not responding.

---

[2] A later order from the Court again directed a response and demanded an explanation for the state's dilatoriness. (Doc. 8.) It was not served on the Attorney General, who had never entered an appearance in the case.

Turning to the merits of the petition, it must be dismissed as both untimely and unexhausted.[3] The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). A state criminal judgment becomes final "'on the date on which the [United States] Supreme Court issues a decision on the merits or denies *certiorari*, or . . . on the date on which defendant's time for filing such a petition expires.'" *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (*quoting Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002)); *Jimenez*, 555 U.S. at 120.

---

[3] The petition attacks an Appling County conviction. Although Appling Country lies within the Brunswick Division of this Court, 28 U.S.C. § 90(c), the case proceeded as a Savannah Division case because it appeared that Moore was attacking his Chatham County convictions for forgery, *see* Georgia Offender Query, *available at* http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp. In fact, the petition's grounds explicitly attack the aggravated assault conviction. (Doc. 1 at 4 ("being held unlawfully because aggravated assault with a deadly weapon with any object device . . .").) To avoid any further delay in the processing of this case, the undersigned will address Moore's claims rather than having the case reassigned to the Brunswick Division.

The one-year limitations period is tolled, however, when a state prisoner properly files an application for state collateral review. 28 U.S.C. § 2244(d)(2); *see Ford v. Moore*, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). Although the filing of a state habeas action tolls the one-year limitations period, it does not reset it. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). That is, the days between the date upon which the conviction became final and the beginning of state habeas review are counted toward the limitations period.

Represented by counsel, Moore pled guilty to aggravated assault with a deadly weapon and was sentenced to a "split" fifteen-year sentence (five to serve, the rest on probation) on August 9, 2010. (Doc. 13-1 at 8.) He did not file an appeal within 30 days, as required under O.C.G.A. § 5-6-38(a), so his conviction became "final" for § 2254 purposes on September 8, 2010, when the time for filing an appeal expired.

4

*Colbert v. Head*, 146 F. App'x 340, 341 (11th Cir. 2005). He never moved for habeas relief either, so no *Webster* tolling applied. Hence, his time for filing a habeas petition expired on September 8, 2011. His federal petition was not filed until April 2012, many months too late.

It is also unexhausted. Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (federal habeas relief is available to state prisoners only after they have exhausted their claims in state court). An applicant for federal habeas relief has not exhausted his state remedies if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Here, there is no question that Moore has failed to exhaust his remedies, as he neither appealed nor raised his claims in a state habeas proceeding. *See Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004) (in order to fully exhaust state remedies, a § 2254 petitioner in Georgia must petition the Supreme Court of Georgia for a

certificate of probable cause to appeal the denial of his state habeas petition). But even if he returned to state court to exhaust, and that court reached his claims, he would still be too late to seek relief here because, as noted above, the clock cannot be restarted once it runs out.

As the instant petition is both untimely and unexhausted, it should be **DENIED**. Finally, applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 8TH day of August, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA